**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12584

Non-Argument Calendar

_____

CARLOS A. ALONSO CANO,

  as next friend of his minor daughters Katy Alonso Morejon
  and Jany Leidy Alonso Morejon,

*Plaintiff-Appellant,*

FE MOREJON FERNANDEZ, et al.,

*Plaintiffs,*

*versus*

245 C&C, LLC,

CFH GROUP, LLC,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-21826-JAL

_____

Before ROSENBAUM, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Carlos Cano, Fé Fernandez, and Jany Morejón (collectively, Tenants) appeal from the district court's order that adopted the magistrate judge's report and recommendation (R&R) that requires the Tenants to post an appeal bond and strikes the Tenants' pro se objections to the R&R.  After careful review, we affirm.

## I.

The Tenants filed suit against 245 C&C, LLC and CFH Group, LLC (collectively, Landlords), alleging violations of the Fair Housing Act and Florida state law.  Counsel represented the Tenants throughout trial.  The court entered judgment for the Landlords, and the Tenants appealed.[1]

After trial and the filing of the notice of appeal, the Landlords moved to request that the Tenants file an appeal bond for the Landlords' expected costs of defending two pending appeals by the Tenants.  The court referred this motion to a magistrate judge, who issued an R&R, recommending that the Landlords' motion be granted.  The Tenants filed pro se objections to the R&R despite having counsel.  The Tenants' counsel then moved to withdraw. The court adopted the R&R, requiring the Tenants to post an appeal bond.  The district court also struck the Tenants' pro se objections to the R&R because under local rules, a person who is represented by counsel cannot file pro se.  The Tenants filed this appeal.

---

[1] That appeal remains pending with the court.

24-12584                Opinion of the Court                3

After the appeal was filed, the district court subsequently granted counsel's motion to withdraw.

## II.

The Tenants argue that they were pro se parties who properly objected to the R&R, and that the magistrate judge lacked the Tenants' consent to issue the R&R.

While "we review a district court's decision to impose appeal bonds for abuse of discretion, we review *de novo* the proper interpretation of federal rules of procedure," including Federal Rule of Appellate Procedure 7. *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1283 (11th Cir. 2021). But when a party fails to object to a magistrate judge's R&R after being informed of the right to object, of the time for objecting, and of the consequences of failing to object, that party waives the right to challenge the district court's order on appeal if it was based on those unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1. Absent a proper objection, we may only review a district court's adoption of the R&R for plain error. *Id.*

The Tenants assert that they timely filed objections. But the problem with the Tenants' argument is that they filed their objections pro se despite having counsel. Under the Southern District of Florida's Local Rules, parties are prohibited from filing pro se unless the court grants an order of substitution. S.D. Fla. L.R. 11.1(d)(4). The district court struck the objections because the Tenants violated Local Rule 11.1(d)(4). "We give great deference to a district court's interpretation of its local rules and review a district

court's application of local rules for an abuse of discretion." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009) (internal quotations marks omitted).  We find no abuse in the district court's striking of the Tenants' pro se objections which were filed in direct contravention of the Local Rules.

The Tenants failed to object to the magistrate judge's R&R, which recommended that the Tenants post an appeal bond.  Thus, they waived their right to challenge the district court's ruling.  Further, the court did not plainly err by adopting the R&R because the court's referral of the motion to grant the appeal bond is not inconsistent with the Constitution or federal law.  *See* Fed. R. App. P. 7; 28 U.S.C. § 636(b)(3) (The court may assign a magistrate judge "additional duties as are not inconsistent with the Constitution and laws of the United States.").

**AFFIRMED.**